David Abrams, Attorney at Law (NY 3051604)
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com

United States District Court
Eastern District of Michigan

_____

|  |  |
|---|---|
| United States of America ex rel. | ) |
| GNGH2 Inc., | ) |
| Plaintiff-Relator, | ) |
|  | ) |
| - against - | ) |
|  | ) |
| ANAND NVH PRODUCTS, INC. and | ) |
| ANAND NVH NORTH AMERICA INC., | ) |
|  | ) |
| Defendants. | ) |

**TO BE FILED UNDER SEAL**

Case No.

**Complaint Under the False Claims Act**

_____

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

## I.      Nature of the Case

1.      This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to entities which exceed the applicable size standards.

**[continued on next page]**

## II.   Parties

2.   Defendant ANAND NVH PRODUCTS INC.  ("ANAND NVH PRODUCTS") is a Michigan business corporation with a principal place of business in  **Oakland County, Michigan**.

2a.   Defendant ANAND NVH NORTH AMERICA INC. ("ANAND NVH NA") is a Michigan business corporation with a principal place of business in **Lapeer County, Michigan**.

3.   The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III.   Compliance with Requirements of Suit

4.   This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.   Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.   Jurisdiction and Venue

6.    This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any

Defendant resides or transacts business.  In this case, the Defendants are located in **Novi, Michigan and Imlay City, Michigan**.

## V.      Background

7.      Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19."  (the "Coronavirus Epidemic").

8.      In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9.      All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10.      The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11.      The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if its total workforce size exceeds 300.

**[continued on next page]**

12. The Defendants in this matter are part of a concern which manufactures rubber automobile parts. The Defendants received second-draw PPP relief as follows:

| Defendant | Date | Amount | Loan # | Forgiven |
|---|---|---|---|---|
| Anand NVH Products | 4/22/2021 | $172,400 | 8695768803 | 11/26/2021 |
| Anand NVH NA | 3/26/2021 | $1,343,233 | 1256938704 | 11/26/2021 |

13. Thus, on or about January 25, 2021, Defendants completed Form 2483-SD which required them to certify compliance with applicable size standards.

14. These certifications were false when made in that when combined with their affiliates, the Defendants exceeded applicable size standards.

15. Moreover, the foregoing information is available on the websites of the Defendants and their affiliates.

16. Thus, Defendants' authorized representative must have been either aware of this information or reckless in regards to same.

17. Thus, Defendants made fraudulent representations when they completed form 2483-SD and certified eligibility in respect of the above matters.

18. As a result of these statements, the Defendants received (and the United States paid) substantial funds to which they would not otherwise have been entitled.

**VI.     (Count I)  Violation of the False Claims Act**

19.     The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

20.     The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

21.     Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false, fraudulent, and required for eligibility for disaster relief.

**VII.   Relief Sought**

22.     On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

23.      Defendant Anand NVH Products received (and the United States paid) $172,400 in respect of its loan.  Additionally, the United States paid $8620 in processing fees and $1001 in interest in respect of the loan, for a total of $182,021.

24.     Defendant Anand NVH NA received (and the United States paid)

$1,343,233 in respect of its loan.  Additionally, the United States paid $40,297 in

processing fees and $8758 in interest for a total of $1,392,288

25.     Accordingly, Relator seeks judgment in the amount of  $546,063 against

Defendant Anand NVH Products (and in favor of the United States) and in the

amount of $4,176,864 against Defendant Anand NVH NA (and in favor of the

United States), together with costs, interest, civil penalties, an appropriate qui tam

award, and such other and further relief as the Court deems just.


Respectfully submitted,


_____

David Abrams, Attorney at Law
 Attorney for Relator
GNGH2 Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated:      Delhi, New York
                February 20, 2024

6